IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

In re:

**Jeremy Kyle Brown,**
**Bobbie Dawn Brown,**

Debtors.

Case No. 22-12305-JDL
Chapter 13

**Motion to Dismiss Case for Debtor's Participation in a Marijuana Related Business with Brief in Support, Certificate of Service, and Notice of Opportunity for Hearing**

John Hardeman, Trustee, respectfully moves this Court for an order dismissing this chapter 13 case pursuant to Section 1307(c) of the Bankruptcy Code due to the Debtor's income from Native Harvest LLC, a marijuana dispensary.

## Background

The Debtors' pay advices show two sources of income: Native Harvest LLC and Rockin T Cultivation LLC.[1] The Debtors' Schedule I shows Ms. Brown is employed at Native Harvest Dispensary as an assistant manager.[2]

## Impact of the Controlled Substances Act On Chapter 13 Cases

Income from the Debtors' employment is property of the bankruptcy estate under Section 1306 and necessary to fund the plan. Schedules I and J show that they cannot fund a plan without this illicit income. As the Debtors make their plan payments to the Trustee, they would be conscripting the Trustee in the chain of an illegal enterprise.[3] The Trustee cannot be compelled to violate federal criminal law. As stated in the *Arenas*, discussed below, opinion:

> [S]hort of exposing him to physical harm, nothing could be more burdensome to the Trustee's administration than requiring him to take possession, sell and distribute

---

[1] ECF doc. 6.
[2] ECF doc. 1 at 29.
[3] *Arenas* v. *United States Trustee* (*In re Arenas*), 535 B.R. 845 (B.A.P. 10th Cir. 2015).

marijuana Assets in violation of federal criminal law. There is no way the Trustee could administer the plan without committing one or more federal crimes.[4]

It would be inconsistent to the rule of law for the Debtors to be permitted to continue to violate a federal criminal statute—the Controlled Substances Act—and be permitted to use illicit proceeds to fund a chapter 13 plan and enjoy the protections of another federal statute—the Bankruptcy Code.

Section 1307(c) provides that on the request of a party in interest the court may dismiss a case "for cause". While cause is not defined by the Bankruptcy Code, Section 1307(c) lists eleven examples of cause; however, the list of examples is non-exclusive.[5] Other facts may support "cause" for dismissal of a chapter 13 case. In this case the Debtors continuing violation of federal criminal law and the resulting lack of good faith is cause for dismissal of this case.

## Continuing Employment with a Marijuana Related Business Effectively Bars Confirmation of a Chapter 13 Plan

Bankruptcy courts have been unanimous in holding that individuals and businesses engaged in the marijuana industry—even thou they maybe complying with state law—cannot avail themselves of the protections of the Bankruptcy Code.[6] Confirmation of a chapter 13 plan requires that "the action of the debtor in filing the petition was in good faith."[7] Moreover, a plan must be "proposed in good faith and not by any means forbidden by law."[8] The Debtors continuing employment in a business that is illegal under federal law precludes them from

---

[4] *In re Arenas* at 852.
[5] See *In re Whetten*, 473 B.R. 380, 382 (Bankr. Colo. 2012)(discussing the examples set forth in 11 U.S.C. § 1112(b)).
[6] See *In re Way to Grow, Inc.*, 597 B.R. 111 (Bankr. Colo. 2018) (dismissal of hydroponic business supplying the marijuana industry) aff'd 2019 WL 669795 (D. Colo. January 18, 2019); *In re Rent-Rite Super Kegs W. Ltd.*, 484 B.R. 799 (Bankr. D. Colo. 2012) (case dismissed where the debtor received rental income from a marijuana related enterprise); *In re Basrah Custom Design, Inc.*, 600 B.R. 368 (Bankr. E.D. Mich. 2019)(Recognizing that "…several bankruptcy courts have found cause to dismiss a bankruptcy case filed by a debtor whose income was derived, directly or indirectly, at least in part, from the business of selling marijuana."). Also see *Original Invs., LLC* v. *State*, 542 F. Supp. 3d 1230, 1231 (W.D. Okla. 2021) (District Court declined to granting declaratory and injunctive relief due illegality of marijuana under federal law.)
[7] 11 U.S.C. § 1325(a)(7).
[8] 11 U.S.C. § 1325(a)(3).

availing themselves of bankruptcy protection.[9] Therefore, the Debtors' plan is not proposed in good faith and relies on illegal activity to produce income to fund the plan in violation of Section 1325(a)(3).

In a case analogous to this case, the Bankruptcy Appellate Panel for this Circuit reviewed this issue in the *Arenas* decision. The Panel summarized that case as follows:

> The pivotal issue here is whether engaging in the marijuana trade, which is legal under Colorado law but a crime under federal law, amounts to "cause" including a "lack of good faith" that effectively disqualifies these otherwise eligible debtors from bankruptcy relief. We agree with the bankruptcy court that while the debtors have not engaged in intrinsically evil conduct, the debtors cannot obtain bankruptcy relief because their marijuana business activities are federal crimes.[10]

While *In re Arenas* is a chapter 7 case the bankruptcy court denied a motion to convert to chapter 13 reasoning that the debtors could not propose a confirmable plan. Not surprisingly, the Panel affirmed the Bankruptcy Court's decision in *In re Arenas* to deny conversion to chapter 13 and dismiss the chapter 7 bankruptcy petition of Mr. and Ms. Arenas.[11] So long as the Debtors derive any income from a marijuana related business, they too cannot propose a confirmable plan.

## Conclusion

Unfortunately, the conflict between federal and state law leads to a tough result. So long as the Debtors earn their living in a industry that the federal government deems illegal the Debtors cannot satisfy the requirement that the plan be proposed in good faith and in a manner not inconsistent with the law. Since the Debtors cannot propose a confirmable plan, the case should be dismissed for cause.

Respectfully submitted,
s/David S. Burge
David S. Burge, OBA # 31505
321 Dean A. McGee

---

[9] *In re Rent-Rite Super Kegs W. Ltd.*, 484 B.R. 799, 805 (Bankr. D. Colo. 2012) ("a federal court cannot be asked to enforce the protections of the Bankruptcy Code in aid of a Debtor whose activities constitute a continuing federal crime.")
[10] *In re Arenas*, 535 B.R. at 849.
[11] *Id.* at 854

                                          P.O. Box 1948
                                Oklahoma City, OK  73101-1948
                                        13trustee@chp13okc.com
                                                 (405) 236-4843
                                                 (405) 236-1004 (fax)
                                                 Attorney for Trustee

## Certificate of Service

This is to certify that on October 17, 2022, a true and correct copy of the foregoing instrument was served by U.S. Mail, postage prepaid, on the following:

Jeremy Kyle Brown
Bobbie Dawn Brown
605 Lola Ave
Lindsay, OK 73052

                                              s/David S. Burge
                                              David S. Burge, OBA # 31505

## Notice of Opportunity for Hearing

**Your rights may be affected. You should read this document carefully and consult your attorney about your rights and the effect of this document.** If you do not want the Court to grant the requested relief, or you wish to have your views considered, you must file a written response or objection to the requested relief with the Clerk of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean A. McGee Avenue, Oklahoma City, OK 73102, no later than 14 days from the date of filing of this request for relief. You should also serve a file-stamped copy of your response or objection to the undersigned movant (and others who are required to be served) and file a certificate of service with the Court. If no response or objection is timely filed, the Court may grant the requested relief without a hearing or further notice.

**The 14-day period includes the three (3) days allowed for mailing provided for in Bankruptcy Rule 9006(f).**